## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                    CHAPTER 13 CASE NO.:

GERRY PEGUES AND
BELINDA PEGUES                                                                  19-12827-JDW

## OBJECTION TO CONFIRMATION

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation (the "Objection"), and in support thereof states as follows:

1. The Debtors commenced this proceeding by filing a Voluntary Petition on July 16, 2019 (the "Petition Date"). The Debtors filed a proposed Chapter 13 Plan (Dkt. #8) (the "Plan") on July 17, 2019.

2. The Debtors are below median income and the proposed term of the Plan is sixty (60) months. The Plan does not provide for a distribution to nonpriority unsecured creditors.

3. The Debtors' Schedules fail to disclose all assets and liabilities as required by 11 U.S.C. § 521(a)(1)(B)(i); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Debtors failed to disclose the Joint Debtor's PERS account.

4. The Debtors failed to disclose the Debtors' financial affairs as required by 11 U.S.C. § 521(a)(1)(B)(iii); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Statement of Financial Affairs fails to disclose the money the Debtors have paid for fees and expenses related to the filing of this bankruptcy case as required by Question number sixteen (16).

1

5.      Section 5.2 of the Plan fails to comply with 11 U.S.C. § 1325(a)(1). The Debtor is proposing to treat the indebtedness owed to FedLoan/Department of Education differently than other nonpriority unsecured claims in Section 5.1 and fails to provide a valid basis for the separate classification and treatment.

6.      The Debtors should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

7.      For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: August 21, 2019.

                            Respectfully submitted,

                            **LOCKE D. BARKLEY**
                            **CHAPTER 13 TRUSTEE**

BY:    /s/ Melanie T. Vardaman
         ATTORNEYS FOR TRUSTEE
         W. Jeffrey Collier (MSB 10645)
         Melanie T. Vardaman (MSB 100392)
         6360 I-55 North, Suite 140
         Jackson, Miss. 39211
         (601) 355-6661
         mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: August 21, 2019.

      /s/ Melanie T. Vardaman
      MELANIE T. VARDAMAN